## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

ANNIE COATS

Case No. 04 B 34109
Chapter 13

DEBTOR(S),

Judge Jack B. Schmetterer

### AGREED REPAY ORDER WITH PROVISION FOR STAY RELIEF UPON DEFAULT

**THIS CAUSE** coming on to be heard on the motion of AMERICA'S SERVICING COMPANY AS SERVICER FOR HSBC BANK, USA, AS TRUSTEE IN TRUST FOR CITIGROUP MORTGAGE LOAN TRUST, IN. ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2004-1 RP1 ITS ATTORNEY IN FACT WELLS FARGO BANK, NA SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. for relief from the automatic stay, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1. That movant must receive the following payments by the corresponding dates:

    a. $139.76 plus the March, 2006 post-petition mortgage payment and late charge on or before the last day of that month;

    b. $139.76 plus the April, 2006 post-petition mortgage payment and late charge on or before the last day of that month;

    c. $139.76 plus the May, 2006 post-petition mortgage payment and late charge on or before the last day of that month;

    d. $139.78 plus the June, 2006 post-petition mortgage payment and late charge on or before the last day of that month;

2. That movant must receive the payments listed in Paragraph #1 on or before the corresponding date. If movant fails to receive any one scheduled payment, the repayment schedule is void and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and her attorney, the stay shall be automatically terminated as to movant, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

3. That upon completion of the repayment schedule of paragraph #1 or tender of funds to bring the loan post-petition current under paragraph #2, the Debtor must continue to make "timely"

post-petition mortgage payments directly to the Creditor continuing monthly thereafter for the pendency of the bankruptcy;

4. That a payment is considered "timely", if the full payment is received in the office of the Creditor on or before the 15th day of the month in which it is due and a late charge is due on all payments received after the 15th day of the month (this provision applies only to the triggering of this order and does not effect what constitutes currency of the loan post-petition);

5. That if the movant fails to receive two "timely" post-petition monthly mortgage payments and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated as to movant, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

6. In the event that Codilis & Associates, P.C. should have to send out any Notices of Default, the Debtor shall pay an extra $75.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.

ENTER:

DATED: **MAR 0 1 2006**

UNITED STATES BANKRUPTCY JUDGE

Berton J. Maley ARDC#6209399
Gloria C. Tsotsos ARDC# 6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Mark D. McClain ARDC#6275481
Peter C. Bastianen ARDC#6244346
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C & A File No. (14-04-B175)**